# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT JACKSON

Assigned on Briefs November 6, 2007

## STATE OF TENNESSEE v. TIMOTHY FRAZIER

**Direct Appeal from the Circuit Court for Madison County**
**No. 07-101     Donald Allen, Judge**

---

**No. W2007-00692-CCA-R3-CD  - Filed December 20, 2007**

---

The defendant, Timothy Frazier, pled guilty to one count of theft of property more than $1,000 but less than $10,000, a Class D felony.  The trial court denied the defendant's request for judicial diversion and ordered him to serve a two-year, suspended sentence on supervised probation.  On appeal, the defendant argues that the trial court's denial of judicial diversion should be reversed. Upon review of the record and the parties' briefs, we reverse the judgment of the trial court and remand this case for reconsideration.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Reversed and
Remanded**

J.C. MCLIN, J., delivered the opinion of the court, in which THOMAS T. WOODALL and J. CURWOOD WITT, JR., JJ., joined.

Gregory D. Gookin, Assistant Public Defender, Jackson, Tennessee, for the appellant, Timothy Frazier.

Robert E. Cooper, Jr., Attorney General and Reporter; Sophia S. Lee, Assistant Attorney General; James G. Woodall, District Attorney General; and Alfred Lynn Earls and Shaun Alan Brown, Assistant District Attorney General, for the appellee, State of Tennessee.

## OPINION

### I. BACKGROUND

This case relates to the defendant's theft of an automobile with a value over $1,000.  The defendant pled guilty.  At the plea acceptance hearing, the state recounted the following incidents of incriminating proof as follows:

> [O]n October the 1st of the year 2006, the defendant did knowingly exercise control over property of a 1999 Oldsmobile vehicle belonging to April Rushton without the effective consent of the owner with intent to deprive the owner of that property; the

value of that property being valued at $1,500. The victim reported the vehicle stolen. Law enforcement did stop the vehicle. It was being driven by Mr. Timothy Frazier and a co-defendant. Mr. Frazier did give a statement in this matter basically admitting that they were walking down the street and saw the vehicle. They had actually been in the company of Ms. Rushton earlier, had the key and decided they would just take it and took it and were stopped in the vehicle.

The defendant testified that he turned eighteen years old on September 22, 2006. He stated that he was a full-time student and also worked part-time at McDonald's and was planning to graduate high school in May, 2007. The defendant also admitted that he had two adjudications as a juvenile, one for theft over $500 and one for theft for more than $1,000 but less than $10,000.

Upon conclusion of the hearing, the trial court accepted the defendant's guilty plea but denied the defendant's request for judicial diversion. The court found that his decision to plead guilty was freely, voluntarily, intelligently and knowingly made and that the defendant made his decision with the advice of an attorney. The court sentenced him to two years as a Range I standard offender, suspended the defendant's sentence, and placed him on supervised probation. The court found that denial of judicial diversion was appropriate because he had two prior adjudications a juvenile. The court ordered that his probation be supervised by the Community Corrections program, that he complete 100 hours of community service work, submit to random alcohol and drug assessments, and complete DNA testing. In addition, the defendant was ordered to pay restitution to the victim. The court also required that the defendant maintain full-time employment or complete his degree as a full-time student.

## II. ANALYSIS

The defendant argues that the trial court erred when it denied judicial diversion because it failed to properly weigh all the factors courts must consider in reviewing a petition for judicial diversion.

When there is a challenge to the length, range, or manner of service of a sentence, it is the duty of this Court to conduct a de novo review of the record with a presumption that the determinations made by the trial court are correct. Tenn. Code Ann. § 40-35-401(d). This presumption is conditioned upon the affirmative showing in the record that the trial court considered the sentencing principles and all relevant facts and circumstances. *State v. Ashby*, 823 S.W.2d 166, 169 (Tenn. 1991). The burden of showing that the sentence is improper is upon the defendant. *Id*. In the event the record fails to demonstrate the required consideration by the trial court, review of the sentence is purely de novo. *Id*. If appellate review reflects that the trial court properly considered all relevant factors and its findings of fact are adequately supported by the record, this Court must affirm the sentence "even if we would have preferred a different result." *State v. Fletcher*, 805 S.W.2d 785, 789 (Tenn. Crim. App. 1991).

A defendant is eligible for judicial diversion when he or she is found guilty, or pleads guilty to a Class C, D, or E felony, has not previously been convicted of a felony or a Class A misdemeanor, and is not seeking deferral for certain sexual offenses. *See* Tenn. Code Ann. § 40-35-313(a)(1)(B). Pertinent to this case, adjudications of delinquency in juvenile court do not automatically disqualify a defendant seeking judicial diversion. Under the judicial diversion statute, the trial court may, in its discretion, defer further proceedings and place a qualified defendant on probation without entering a judgment of guilty. Tenn. Code Ann. § 40-35-313(a)(1)(A). A defendant who is eligible for judicial diversion, however, is not entitled to such as a matter of right. *See State v. Bonestel*, 871 S.W.2d 163, 168 (Tenn. Crim. App.1993) (*overruled on other grounds* by *State v. Hooper*, 29 S.W.3d 1, 9 (Tenn. 2000)). The decision of whether to place a defendant on judicial diversion is within the sound discretion of the trial court. *State v. Harris*, 953 S.W.2d 701, 705 (Tenn. Crim. App. 1996). Therefore, the trial court's denial of judicial diversion is subject to reversal on appeal only if the court abused its discretion. *See State v. Robinson*, 139 S.W.3d 661, 665 (Tenn. Crim. App. 2004). An abuse of discretion occurs when the trial court's denial of judicial diversion is unsupported by any substantial evidence. *See State v. Parker*, 932 S.W.2d 945, 958 (Tenn. Crim. App. 1996).

"Tennessee courts have recognized the similarities between judicial diversion and pretrial diversion and, thus, have drawn heavily from the case law governing pretrial diversion to analyze cases involving judicial diversion." *State v. Cutshaw*, 967 S.W.2d 332, 343 (Tenn. Crim. App. 1997). Accordingly, in determining whether to grant or deny judicial diversion, the trial court must consider: (a) the accused's amenability to correction, (b) the circumstances of the offense, (c) the accused's criminal record, (d) the accused's social history, (e) the accused's physical and mental health, (f) the deterrence value to the accused as well as others, and (g) whether judicial diversion will serve the interests of the public as well as the accused. *Parker*, 932 S.W.2d at 958; *Bonestel*, 871 S.W.2d at 168. Additional factors which may be considered include the defendant's "attitude, his behavior since his arrest, his home environment, current drug usage, emotional stability, past employment, general reputation, family responsibilities, and the attitude of law enforcement." *State v. Lewis*, 978 S.W.2d 558, 566 (Tenn. Crim. App. 1997). Moreover, the record must reflect that the court has weighed all of the factors in reaching its determination. *State v. Electroplating, Inc.*, 990 S.W.2d 211, 229 (Tenn. Crim. App. 1998). That is, the court must explain on the record why the defendant does not qualify under its analysis, and if the court has based its determination on only some of the factors, it must explain why these factors outweigh the others. *See id.*

Upon review of the record, it is apparent that the trial court focused on the defendant's juvenile record, which included two adjudications, one for theft of property over $1,000 but less than $10,000, and one for theft of property over $500. Although the trial court decided that the defendant's juvenile offenses outweighed any evidence in favor of judicial diversion, it failed to address the relevant criteria set forth by this court in both *Cutshaw* and *Parker* when denying judicial diversion. Given that the trial court failed to address many of the factors it was required to consider, and failed to explain why the factors supporting the denial of diversion outweighed the factors supporting diversion, we are compelled to reverse the judgment of the trial court and remand the case

in order for the trial court to explain adequately on the record why the defendant was denied judicial diversion and why the factors relied upon outweigh the others.

## CONCLUSION

Based upon the foregoing authorities and reasoning, we reverse the judgment of the trial court and remand the matter to the trial court for further proceedings consistent with this opinion.

_____
J.C. McLIN, JUDGE